

FILED
DISTRICT COURT OF GUAM
DEC 29 2005
MARY L.M. MORAN
CLERK OF COURT

United States District Court

for

District of Guam

## Petition for Warrant or Summons for Offender Under Supervision

| | | |
|---|---|---|
| Name of Offender: | **James J. Dino** | Case Number: **CR 99-00113-001** |
| Name of Sentencing Judicial Officer: | John S. Unpingco | |
| Date of Original Sentence: | August 1, 2001 | |

Original Offense: Possession with Intent to Distribute Crystal Methamphetamine, aka "ICE", in violation of 21 U.S.C.§841(A).

Original Sentence: 72 month imprisonment term, followed by a five-year term of supervised release with the following conditions that he: refrain from the use of any and all alcoholic beverages; submit to one urinalysis test within 15 days of release from custody and to two more urinalysis within sixty days thereafter; participate in a substance abuse treatment program, which shall include testing and make co-payment for treatment at a rate to be determined by the U.S. Probation Office; obtain and maintain employment; perform 400 hours of community service; and pay a $100 special assessment fee.

| | | | |
|---|---|---|---|
| Type of Supervision: | Supervised release | Date Supervision Commenced: | January 31, 2003 |
| Assistant U.S. Attorney: | Frederick A. Black | Defense Attorney: | Peter C. Perez |

### PETITIONING THE COURT

[X] To issue a warrant (Pursuant to 18 U.S.C § 3583)

[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1. New arrest.

Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

　　[X] revoked.

　　[ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition-Violation of Supervised Release;
Request for Warrant of Arrest by USPO John W. San Nicolas II*

| Reviewed by: | Reviewed by: | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|---|
| ROSSANNA VILLAGOMEZ-AGUON<br>U.S. Probation Officer<br>Supervision Unit Leader | FREDERICK A. BLACK<br>Assistant U.S. Attorney | JOHN W. SAN NICOLAS II<br>U.S. Probation Officer |
| Date: 12/16/05 | Date: 12-19-05 | Executed on: Dec 16, 2005 |

THE COURT ORDERS:

[ ] No action.

[X] The issuance of a warrant.

[ ] The issuance of a summons.

[ ] Other

RECEIVED
DEC 21 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

~~Signature of Judicial Officer~~
FRANCES TYDINGCO-GATEWOOD, Designated Judge

DEC 29 2005
Date

# VIOLATION WORKSHEET

1. Defendant       James J. Dino
2. Docket Number (Year-Sequence-Defendant No.)    CR 99-00113-001
3. District/Office    0993/1
4. Original Sentence Date    08 / 1 / 01
                             month  day  year

(If different than above):
5. Original District/Office
6. Original Docket Number (Year-Sequence-Defendant No.)

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Shall not commit another federal, state or local crime. | A |
| • | |
| • | |
| • | |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))    A

9. Criminal History Category (see §7B1.4(a))    I

10. Range of Imprisonment (see §7B1.4(a))    24-30 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[ ] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[X] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Case 1:99-cr-00113    Document 44    Filed 12/29/2005    Page 3 of 9

Defendant: James J. Dino

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | N/A | Community Confinement | N/A |
   | Fine ($) | N/A | Home Detention | N/A |
   | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: _____ to _____ years.

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from imprisonment:  30-36 months

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

   *At the time of sentencing, the Court departed downward from the sentencing guidelines pursuant to U.S.S.G. Section 5K1.1. Pursuant to U.S.S.G., Section 7B1.4 Application Note 4., an upward departure from the revocation imprisonment term is authorized.*

15. **Official Detention Adjustment** (see §7B1.3(e)):  0 months  0 days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:99-cr-00113   Document 44   Filed 12/29/2005   Page 4 of 9

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| United States of America,<br>  Plaintiff,<br><br>vs.<br><br>JAMES J. DINO<br>  Defendant. | ) CRIMINAL CASE NO. 99-00113<br>)<br>)<br>) **DECLARATION IN SUPPORT OF PETITION**<br>)<br>)<br>)<br>)<br>) |

**Re: Violation of Supervised Release Conditions; Request for Warrant of Arrest**

  I, U.S. Probation Officer John W. San Nicolas II, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for James J. Dino, and in that capacity declare as follows:

  On August 1, 2001, James J. Dino was sentenced by the Honorable John S. Unpingco in the District Court of Guam for the offense of Possession with Intent to Distribute Crystal Methamphetamine aka "ICE", in violation of 21 U.S.C.§841(A). He received a sentence of 72 months imprisonment, followed by a five year term of supervised release. On October 25, 2003, the Court conducted a Motion for Reduction of Sentence hearing wherein Mr. Dino's term of imprisonment was reduced to 36 months due to substantial assistance. Subsequently, on January 16, 2002, the Court conducted a Second Motion for Reduction of Sentence wherein Mr. Dino's term of imprisonment was further reduced to 12 months. On January 31, 2003, he began serving his term of supervised release.

  On March 24, 2004, Mr. Dino was arrested pursuant to an Indictment filed in U.S.D.C. Criminal Case Number 04-00016 for the offense of Possession of Methamphetamine with Intent to Distribute. On the same date, he was ordered detained by the Court at his Initial Appearance hearing. On May 27, 2004, Mr. Dino pleaded guilty to the charge listed in the Indictment. On July 24, 2004, a violation report recommending

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for Warrant of Arrest
Re:   DINO, James J.
USDC Cr. Cs. No. 99-00113
December 16, 2005
Page 2

revocation of supervised release was prepared in this case due to his arrest. On March 29, 2005, a stipulation was submitted by the parties in which Mr. Dino admitted to violating the conditions of his supervised release as reported in the July 24, 2004 violation report. Sentencing on the revocation proceedings in this case will occur at the same time of sentencing in Criminal Case Number 04-00016. On April 1, 2005, the Court released Mr. Dino on a $100,000 unsecured bond in Criminal Case No. 04-00016 with various conditions to include that he comply with the conditions of supervised release in this case. The defendant is alleged to have committed the following violations:

**Mandatory Conditions:** *The defendant shall not commit another federal, state or local crime.* On November 17, 2005, the Court issued an arrest warrant and detained Mr. Dino after a petition to revoke his bail status in U.S.D.C. Criminal Case No. 04-00016 was filed by the Government after he was arrested by task force agents with the Drug Enforcement Administration (DEA). An affidavit prepared on November 17, 2005 by Saipan DEA Task Force Officer Albert Taitano is summarized as follows:

> I am a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA). I am currently assigned to the Saipan office in the Commonwealth of the Northern Mariana Islands (CNMI). While employed as a Task Force Officer with DEA, I have investigated numerous criminal cases for violations of Title 21, United States Code, as they apply to the United States drug laws. The information provided below is based on information I received from other TFOs and other law enforcement officers.
>
> On October 28, 2005, your affiant was informed by TFO Norman Rasiang that a confidential Source of Information (hereinafter referred to as SOI) informed TFO Rasiang that he is a distributor of methamphetamine in Saipan, CNMI. The SOI also told TFO Rasiang that his/her source of supply is James Dino from Guam, whom the SOI knew from jail in Guam. The SOI also stated that he had received approximately 25 grams of methamphetamine also known as "ice" from James Dino in August 2005.
>
> On November 7, 2005, TFO Norman Rasiang and the SOI placed a recorded telephone call to James Dino and informed him that the SOI will be sending his/her right hand man to deliver $7,000.00 to James Dino for the 25 grams of "ice" fronted to the SOI by James Dino. The SOI also informed James Dino that his/her right hand man will purchase $5,000.00 worth of "Ice" from James Dino when they meet in Guam.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for Warrant of Arrest
Re:   DINO, James J.
USDC Cr. Cs. No. 99-00113
December 16, 2005
Page 3

On November 16, 2005, TFO Norman Rasiang and the SOI placed another recorded telephone call to James Dino informing him that the right hand man will be in Guam on November 17, 2005 and that he will contact James Dino sometime that afternoon.

TFO Norman Rasiang and your affiant have consulted with their counterparts from DEA, Guam, and have learned that James Dino has been on bail release from the U.S. District Court of Guam in Criminal Case No. 04-00016 from approximately April 1, 2005. Although James Dino has agreed to cooperate with DEA, at no time has he ever advised DEA that he is involved in the distribution of narcotics, nor has DEA ever authorized any narcotic distributions by James Dino.

On November 17, 2005, at about 9:30 a.m., TFO Ray M. Renguul, acting as an undercover agent, contacted James Dino AKA "Jimmy" at his cellular phone number (671) 678-8408. James Dino answered the phone and TFO Renguul told him that he was "Ray" from Saipan. James Dino asked TFO Renguul where he was at and TFO Renguul told him that he was staying at the Airport Hotel Mai' Ana and that he was currently at the AVIS Rental Car Office renting a car. TFG Renguul asked if James Dino was coming to the hotel to get his money (drug proceeds) and James Dino replied yes. TFO Renguul further asked what car James Dino was driving and James Dino described his car as a maroon Pathfinder. TFG Renguul informed James Dino that he was wearing a black T-shirt with Levis blue jeans and that he would be waiting for him outside the hotel. James Dino replied okay.

At about 9:45 a.m., TFO Renguul was standing on the sidewalk by the hotel parking lot and observed a maroon Nissan Pathfinder enter the hotel parking lot. TFO Renguul observed the male driver, later identified as James Dino, lowering his window and asked if TFO Renguul was "Ray" and TFO Renguul replied yes. TFO Renguul then informed the driver to pull in the parking lot. TFO Renguul shook hands with James Dino and asked if he was "Jimmy." TFO Renguul proceeded to engage in conversation with James Dino regarding the drug proceeds of $7,000.00 that James Dino was expecting from a Cooperating Defendant (CD) from Saipan, CNMI. TFO Renguul told James Dino that he was carrying $7,000.00 for the payment on a previous deal between James Dino and "CD." TFO Renguul also told

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for Warrant of Arrest
Re:   DINO, James J.
USDC Cr. Cs. No. 99-00113
December 16, 2005
Page 4

>James DINO that he was carrying an additional $5,000.00 to purchase crystal methamphetamine (Ice). James Dino told TFO Renguul to hand him the $7,000.00 that "CD" owed him from the previous deal and that TFO Renguul should wait for him to pick up and bring the $5,000.00 worth of Ice. TFO Renguul then asked if James Dino had any Ice on him to which he replied "No." James Dino asked TFO Renguul to enter the vehicle at which time TFO Renguul entered the front passenger side.
>
>TFO Renguul asked how much he was going to charge him for a gram of Ice. James DINO said $350.00. James Dino asked TFO Renguul how much money TFO Renguul had on him and TFO Renguul told him that he had the $7,000.00 "CD" owed from the previous Ice deal and $5,000.00 for the additional Ice purchase. James Dino advised TFO Renguul that from a previous conversations he had with "CD" was that he will take $1,000.00 out of the additional $5,000.00 TFO Renguul brought in order to make up the actual debt of $8,000.00 "CD" owed him. TFO Renguul told James Dino that he disagreed with James Dino's proposal and that he wanted $5,000.00 worth of Ice. James Dino then agreed with TFO Renguul. TFO Renguul then asked how much Ice James Dino was going to sell him and James Dino told TFO Renguul that he (DINO) would give TFO Renguul 15 grams of Ice and that TFO Renguul should give James Dino the $5,000.00 hence he could drive and pick up the 15 grams for TFO Renguul. TFO Renguul instructed James Dino that he (TFO Renguul) would go to his hotel room to get the money and James Dino agreed to wait in his car. TFO Renguul then exited James Dino's car and walked away. James Dino was then arrested.

**Supervision Compliance:** Except as outlined above, Mr. Dino has complied with the conditions of supervision since being placed on supervised release. He paid his $100 special assessment fee on August 1, 2001, and completed 400 hours of community service on May 22, 2003. In addition, Mr. Dino voluntarily submitted to a DNA sample on September 13, 2005, and completed drug treatment on March 10, 2004. He has tested consistently negative on urinalysis and breathalyser tests conducted since the commencement of supervision.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Warrant for James J. Dino to appear for a hearing to answer or show cause why his term of supervised release should not be revoked pursuant to Title 18, United States Code, Section 3583.

DECLARATION IN SUPPORT OF PETITION
Violation of Supervised Release Conditions; Request for Warrant of Arrest
Re: DINO, James J.
USDC Cr. Cs. No. 99-00113
December 16, 2005
Page 5

Executed this 16th day of December 2005, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

By: _____
JOHN W. SAN NICOLAS II
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Frederick A. Black, AUSA
    Peter C. Perez, Defense Counsel
    File