LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant James J. Dino*

FILED
DISTRICT COURT OF GUAM
OCT 18 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

## TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JAMES J. DINO,<br><br>Defendant. | CRIMINAL CASE NO. CR99-00113<br>CRIMINAL CASE NO. CR04-00016<br><br>**DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT** |

The Defendant objects to the Presentence Investigation Report ("PSR") submitted on April 25, 2006 as follows, *inter alia*:

1. The Offense Conduct, Paragraphs 21-44: Mr. Dino objects to any offense conduct outlined in the PSR which detrimentally affects his sentence and which the Government does not establish. Instead, Mr. Dino stipulates that he was Indicted for the offense Possession of Methamphetamine with Intent to Distribute [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)] and that the Indictment alleged that he "did unlawfully and knowingly possess with intent to distribute 50 grams or more of pure methamphetamine hydrochloride, also known as 'ice,' or 500 grams or more of a mixture or substance containing methamphetamine, a schedule II controlled substance…" Mr. Dino further stipulates to the facts contained in the Plea Agreement, specifically, "On March 23, 2004, the defendant, James J. Dino, possessed at his residence and intended to distribute 50 grams or more of crystal methamphetamine aka 'ice.'" (Plea Agreement, ¶ 8).

2. Base Offense Level, ¶ 52: Mr. Dino objects to the PSR base offense level calculation of 38. In his Plea Agreement, Mr. Dino pled guilty to the Indictment and to an unspecified drug quantity of 50 grams or more of ice. Accordingly, the drug quantity attributed to Mr. Dino should be 50 grams of ice. Under the Sentencing Guidelines, the base offense level should be 32 not 38. U.S.S.G. § 2D1.1(4). In determining the drug quantity attributable to Mr. Dino, absent proof by the government to a higher quantity, the Court should infer a drug quantity amount most favorable to the defendant. The "rule of lenity" applies to the guidelines and requires the court to "infer the rationale most favorable to the [defendant] and construe the guidelines accordingly." *United States v. Fuentes-Barahona*, 111 F.3d 651 (9th Crir. 1997)(holding that the rule of lenity applies to the sentencing guidelines); *United States v. Martinez*, 946 F.2d 100 (9th Cir. 1991).

3. Adjustment for Acceptance of Responsibility, ¶¶ 49, 50, 58: Mr. Dino objects to the Probation Officer's determination that he does not qualify for an acceptance of responsibility adjustment pursuant to U.S.S.G. 3E1.1. Mr. Dino should receive the adjustment for the following reasons, including but not limited to:

(a) He truthfully admitted the conduct comprising the offense of conviction and did not falsely deny any additional relevant conduct. (PSR ¶¶ 38-41).

(b) He cooperated with the government in forfeiting property seized from him, voluntarily assisting authorities in the recovery of the fruits and instrumentalities of the offense.

(c) He immediately waived his Miranda rights, submitted to interviews, disclosed the drug trafficking activities of himself and others, and offered to assist the government against other drug trafficking targets. (PSR ¶¶ 38-41).

(d) He entered into post-offense rehabilitative efforts, participating in drug treatment programs. (PSR ¶ 94).

(e) He was timely in his manifestation of acceptance of responsibility. At the time of his arrest, he immediately cooperated. He was indicted on March 24, 2004. (PSR ¶ 1). Within approximately two months, on May 29, 2004 Mr. Dino pled guilty to the Indictment. (PSR 4). Mr. Dino did not put the government to its burden of proof at trial but instead stipulated to the essential elements of the offense in his Plea Agreement, and further, expressed remorse for his wrongdoing. When interviewed by the Probation Officer, Mr. Dino "expressed regret for his involvement in the case and stated that he knows that his participation has caused harm to the People of Guam." The Probation Officer noted "the defendant feels that he has brought shame to his family and hopes that the Court will be sympathetic and grant him leniency at his sentencing." (PSR 49).

(f) The violations in both the instant case and in CR99-00013-001, which the Probation Office alleged should result in the Court's denial of an acceptance of responsibility adjustment, are factors which Mr. Dino acknowledges this Court can consider. However, they should not be dispositive of the issue. Instead, the determination should be made on the facts as a whole. Additionally, Mr. Dino stipulated to the violations and again, did not put the government to its burden of proof in establishing the violations.

(g) Additionally, Mr. Dino provided extensive assistance to authorities, at a level Mr. Dino asserts, rises to substantial assistance, warranting a U.S.S.G. § 5K1.1 substantial assistance downward departure.

4. Factors that May Warrant Departure, ¶ 124: Mr. Dino asserts that he should be given substantial assistance credit with a corresponding downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553.

**RESPECTFULLY SUBMITTED** this 18th day of October, 2006.

LUJAN AGUIGUI & PEREZ LLP

By: _____
**PETER C. PEREZ, ESQ.**
*Attorney for Defendant James Dino*

*D-0008B/0330/PCP/dmg*
*D-0008-1A/0330/PCP/dmg*

Page 4 of 4

*USA v. James J. Dino*
*Criminal Case No. CR99-00113 & CR04-00016*
*Defendant's Objections to Presentence Report*

Case 1:99-cr-00113    Document 58    Filed 10/18/2006    Page 4 of 4