LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Defendant James J. Dino*



FILED
DISTRICT COURT OF GUAM
OCT 18 2006
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR99-00113 |
|---|---|
| vs. | CRIMINAL CASE NO. CR04-00016 |
| JAMES J. DINO, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Defendant. | |

I. Mr. Dino submits the following factors for this Court's consideration in determining the proper sentence to impose in these matters:

1. 18 U.S.C. 3553: Under this provision the court shall impose a sentence *sufficient but not greater than necessary,* to comply with the need for the sentence imposed. In accomplishing this, the court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.

2. Age. Mr. Dino is 56 years old. He faces a mandatory statutory minimum of twenty (20) years. (PSR Identifying Data). Any sentence imposed against Mr. Dino in excess of ten (10) years is essentially a life sentence.

3. Health: Mr. Dino has numerous health problems which render him more vulnerable to the impact of a lengthy sentence than others, including diabetes, hypertension, high cholesterol, and a high uric acid level. There are also indications that he may have gall

stones. He also takes numerous medications including Glucophage, Glypicide, Cozar, Lopids and anti-acids. (PSR 86 and 87).

4. Rehabilitative Efforts. After entering into his Plea Agreement Mr. Dino pursued the following rehabilitative efforts: (a) he disclosed his wrongdoing to authorities; (b) he disclosed the drug trafficking activities of others; (c) he offered to cooperate with the government against other targets; (d) he did cooperate with the government against other targets; (e) he participated in drug treatment programs; (f) he cooperated with the government in the forfeiture of properties seized; and, (g) he has recruited third parties to cooperate with the government against other targets. (PSR 38-41, 94).

5. Remorse. Mr. Dino has consistently expressed remorse for his actions, from the time of his arrest, when he immediately began cooperating, to the timely entry of his guilty plea, to statements he made to the Probation Office and to his continued and ongoing cooperation with the government. The statements of "regret" and "shame" further establish Mr. Dino's remorse. (PSR 38-41, 49, Plea Agreement).

6. Voluntary Disclosure of the Wrongdoing of Others: Mr. Dino voluntarily disclosed the wrongdoing of others in his efforts to assist authorities. (PSR 38-41, See also Cooperation Memorandum).

7. Cooperation with the Government: Mr. Dino's cooperation efforts were extensive, rising to the level of substantial assistance and warranting either a government motion for a downward departure or a *sua sponte* departure from the Court. (See Cooperation Memorandum).

8. Extraordinary Impact on Innocent Daughter: Mr. Dino has a nine (9) year old daughter, Jaicy A.M. Dino, who he adores and supports. Mr. Dino's wife, Cyd M. Dino told the

Probation Office that "her husband's imprisonment will affect their daughter tremendously." (PSR 81 and 82).

9. Seriousness of the Offense, Promotion of Respect for the Law and Just Punishment: A sentence between 10 and 20 years will accomplish these sentencing needs.

10. Deterrence: A sentence between 10 to 20 years will act as a sufficient deterrent to Mr. Dino from committing further offenses and to others who may consider committing an offense.

11. Protection of the Public: Any term imposed against Mr. Dino, at his age, with his health issues, will protect the public from any further offenses.

II. Violation Penalties: Violations have been filed in CR99-00013-01 for Mr. Dino's violation of supervised release by committing the instant offense, and in this case for an attempted drug transaction while on supervised release. Mr. Dino did not contest either violation. However, Mr. Dino disagrees with the penalty recommendations stated by the Probation Office as follows:

(a) The violation penalties should not be served consecutive to the sentence imposed in this case but should instead be served concurrently. The Court has the discretion to impose concurrent penalties. 18 U.S.C. 3584 provides, "Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."

(b) In determining the appropriate penalty the court may be guided by the factors set forth in 18 U.S.C. 3553(a).

(c) Sentencing Guideline policy statements concerning violation penalties, Sentencing Guidelines Chapter 7, are advisory and not binding on the court. *United States v.*

*George,* 184 F.3d 1119 (9th Cir. 1999), *United States v. Booker,* 125 S.Ct. 738 (2005).

    (d) There is no mandatory minimum term which must be imposed as a penalty for the violations. 18 U.S.C. 3565(a) and 3583(g).

III. Request for Downward Departure. Mr. Dino requests the court depart below the mandatory statutory twenty year minimum sentence pursuant to U.S.S.G. 5K1.1, 5K2.0, or 18 U.S.C. 3553 based upon Mr. Dino's cooperation and/or attempted cooperation, and based upon the history and characteristics of the defendant. There is no prohibition under section 5K2.0 which prevents the court from using its discretion to impose a sentence below a mandatory statutory minimum in appropriate cases. *United States v. Aguilar-Ayala,* 120 F.3d 176 (9th Cir. 1997).

IV. Conclusion: Mr. Dino respectfully requests the court impose a sentence below 20 years.

**RESPECTFULLY SUBMITTED** this 18th day of October, 2006.

                        **LUJAN AGUIGUI & PEREZ** LLP

By: _____
        **PETER C. PEREZ, ESQ.**
        *Attorney for Defendant James Dino*

*D-0008B/0330/PCP/dmg*
*D-0008-1A/0330/PCP/dmg*

Page 4 of 4

*USA v. James J. Dino*
*Criminal Case No. CR99-00113 & CR04-00016*
*Defendant's Sentencing Memorandum*  Document 59  Filed 10/18/2006  Page 4 of 4